UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-03903-TWP-MPB |
| $42,600.00 UNITED STATES CURRENCY, | ) ) ) |
| Defendant. | ) ) |
| DON MERRITT, | ) ) ) |
| Claimant. | ) |

**ORDER DENYING MERRITT'S MOTION TO DISMISS**

This matter is before the Court on Claimant Don Merritt's ("Merritt") Motion to Dismiss. ([Filing No. 10](#).) Plaintiff, the United States of America (the "Government"), initiated this action seeking forfeiture of Defendant $42,600.00 United States Currency ("Currency") that it seized, pursuant to 21 U.S.C § 881(a)(6) because it allegedly constitutes proceeds of, or was used to facilitate, a violation of the Controlled Substances Act. ([Filing No. 1](#).) Merritt moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. For the reasons stated below, the Court **denies** Merritt's Motion to Dismiss the Complaint.

### I. BACKGROUND

As required when reviewing a motion to dismiss, the Court accepts as true the factual allegations in the Complaint and draws all inferences in favor of the Government as the non-moving party. *See Bielanski v. County of Kane*, 550 F. 3d 632, 633 (7th Cir. 2008).

In October 2010, Merritt was convicted after pleading guilty in state court to dealing in cocaine, a Class A felony. ([Filing No. 1 at 2](Filing No. 1 at 2).) The Marion Superior Court sentenced Merritt to twenty (20) years in prison. *Id*. He received credit for time served and applicable credit time allowing him to obtain parole on February 19, 2018. *Id*. On May 16, 2018, parole officers with the Indiana Department of Correction visited Merritt at his residence located at 2013 North Euclid Avenue, Indianapolis, Indiana. *Id*. The officers searched Merritt's room under the authority granted to them by Merritt's parole status. *Id*. Underneath Merritt's bed and inside a black plastic bag, officers found $42,600.00 United States Currency. *Id* at 3. The Currency was rubber-banded in thousand-dollar increments, then banded again in increments of five thousand dollars. *Id*. Two syringes and rolling papers were also found in Merritt's room. *Id*.

One of Merritt's adult family members consented to a search of the entire home. *Id*. In the basement, officers found a scale and a kilogram-sized plastic bag with marijuana residue or "shake" inside it. *Id*. An officer of the Indianapolis Metropolitan Police Department deputized as a Task Force Officer with Department of Homeland Security, Homeland Security Investigations ("DHS-HSI") was called to the scene to assist the parole officers. *Id*. A certified narcotics detection canine also assisted and gave a positive indication for the odor of a controlled substance on the Currency. *Id*.

After officers read Merritt his *Miranda* rights, he made a statement concerning the Currency. Merritt stated that the money belonged to his girlfriend from the sale of a home. *Id*. However, he declined to provide his girlfriend's contact information. *Id*. Merritt verbally denied ownership of the Currency and signed a DHS-HSI abandonment form disclaiming any ownership of the Currency. *Id*. On May 16, 2018, DHS-HSI seized the Currency as being the proceeds of, or used to facilitate, unlawful distribution of controlled substances. *Id*. On December 12, 2018,

the Government filed a Complaint of Forfeiture *in Rem* based on these facts. (Filing No. 1.) On February 15, 2019, Merritt filed a Motion to Dismiss. (Filing No. 10.) Thereafter, the Government filed its Opposition to the Motion to Dismiss (Filing No. 11), and Merritt filed a Reply (Filing No. 12).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, the court must determine whether the complaint contains sufficient factual matter, accepted as true to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The United States Supreme Court further explained that although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id*. *See Bissessur v. Ind. Univ. Bd. of Trs*., 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In addition, civil forfeiture complaints are subject to a heightened pleading standard described in Federal Rule Civil Procedure Supplemental Rule G. *See United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 641 (7th Cir. 2015) ("Rule G is a supplement to the Federal Rule of Civil Procedure that applies to in rem actions"). The rule states, in relevant part, that a complaint must:

> (a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its location when any seizure occurred and – if different – its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Federal Rule of Civil Procedure Supplemental Rule G(2).

### III.  DISCUSSION

The Government asks that a warrant be issued for arrest of the Currency pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the Currency be forfeited to the Government for disposition according to law; and that the Government be granted all other just and proper relief. ([Filing No. 1 at 7](#)). Merritt opposes the forfeiture arguing that the facts of this case are insufficient to connect the Currency to illegal drug transactions, and thus fail to satisfy the probable cause requirement.

The parties disagree as to what burden the Government must meet to survive a motion to dismiss. Merritt argues "The Government has the Burden of Proving that it had Probable Cause for Forfeiture at the Time it Filed the Complaint." ([Filing No. 10 at 5](#).) The Government disagrees in two major respects. First, it contends it need not show probable cause for the forfeiture. Rather,

it only needs to show that it "has alleged facts that support a 'reasonable belief,' as required by Supplemental Rule G(2), that the Defendant Currency is subject to forfeiture." ([Filing No. 11 at 4](#).) Second, the Government believes that because it "may continue to gather evidence after the complaint is filed," a motion to dismiss is particularly ill-suited to resolve *in rem* forfeiture actions. *Id.* at 3.

This dispute, which has received attention from other federal courts, stems from a change in civil forfeiture law dating back to the turn of the century. Before 2000, in order to institute a civil forfeiture action, 19 U.S.C §1615 required the government to show that probable cause existed. Once the government made a showing of probable cause, the burden shifted to the claimant to prove by a preponderance of the evidence that the property was not subject to forfeiture. If the claimant failed to rebut the government's proof, the probable cause showing, standing alone, would support a judgment of forfeiture. *U.S. v. $506,231 in U.S. Currency*, 125 F.3d 442 (7th Cir. 1997). However, in 2000, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") removed the burden of proof at trial from the claimant and placed it on the government to prove by a preponderance of the evidence that the defendant property is subject to forfeiture. *See* 18 U.S.C. § 983(c)(1); *see also U.S. v. Funds in the Amount of $239,400*, 795 F.3d 639 (7th Cir. 2015). The question is whether CAFRA eliminated or merely added to the pre-CAFRA requirement that the government show it had probable cause to believe the property subject to its forfeiture complaint was involved in a crime in order to survive a motion to dismiss.

The debate on this topic involves the Rules of Civil Procedure, statutory law, and legal precedent. First, as the Court stated in the "Legal Standard" section of this Order, Supplemental Rule G(2) requires civil forfeiture complaints to "state sufficiently detailed facts to support a

reasonable belief that the Government will be able to meet its burden of proof at trial." Fed. Rule Civ. P. G(2)(f). CAFRA codified the Government's burden of proof:

> **Burden of proof.**—In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property—
>
> (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;
>
> (2) the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture; and
>
> (3) if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

18 U.S.C. § 983(c).

Merritt argues that the probable cause requirement remains despite the new language added by CAFRA. ([Filing No. 10 at 5](#).) He argues that Rule G(2)'s requirement of "sufficiently detailed facts to form a reasonable belief" is just a semantically different way of requiring probable cause. ([Filing No. 12 at 2](#).) In support, he cites *U.S. v. $493,850.00 in US Currency*, 518 F.3d 1159, 1169 (9th Cir. 2008), which held that CAFRA did not abrogate 19 U.S.C. § 1615's requirement that the government show probable cause to institute a forfeiture action. Merritt also urges the Court to consider the due process implications of allowing the Government to institute a forfeiture without first having probable cause, claiming such an interpretation of the law "permits the Government to seize a citizen's property without probable cause, then file a complaint for forfeiture without probable cause, and then litigate the Claimant to death through extensive and costly discovery." ([Filing No. 12 at 5](#).)

The Government argues that under Rule G(2), in order to survive a motion to dismiss, it needed to allege sufficient facts that would create a reasonable belief that it could carry its burden

of proof at trial. (Filing No. 11 at 4.) In other words, the Government needed to allege facts that would give it a reasonable belief that there was a substantial connection between the Currency and a criminal offense. The Government contends that the "majority rule" is that the pre-CAFRA probable cause requirement in § 1615 has been "statutorily superseded," citing *United States v. Lopez-Burgos*, 435 F.3d 1, 2 (1st Cir. 2006). The Second Circuit also determined that § 1615 was "superseded with respect to civil forfeitures by 18 U.S.C. § 983(c)(2000)." *U.S. v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 77 (2d Cir. 2002).

The Court did not find (and the parties did not cite) any cases from the Seventh Circuit addressing the Government's post-CAFRA pleading requirements in a civil-forfeiture action.[1] Seventh Circuit caselaw recognizes the heightened burden of proof CAFRA requires of the Government in these cases, but no court in the Seventh Circuit has addressed whether CAFRA altered the pleading standard for civil forfeiture claims. *See U.S. v. Funds in the Amount of $271,080*, 816 F.3d 903, 909 (7th Cir. 2016) ("'Absent other evidence connecting the money to drugs, the existence of money or its method of storage are not enough to establish probable cause for forfeiture,' much less enough to meet the now-heightened standard of a preponderance of the evidence.") (citing pre-CAFRA cases).

Without an explicit directive from the Seventh Circuit, the Court opts to embrace the approach of the First and Second Circuits—that CAFRA repealed by implication § 1615's probable cause requirement for civil-forfeiture complaints. The Court believes this interpretation most closely follows the language of Rule G(2), which lists the requirements for civil forfeiture complaints. Merritt might ultimately be correct in predicting that the Seventh Circuit will

---

[1] Merritt relies heavily on Ninth Circuit caselaw to argue that the Government must have probable cause to bring a civil forfeiture complaint. The Government points out that "no court in the Seventh Circuit has adopted" the Ninth Circuit's approach (Filing No. 11 at 3), and Merritt replies that "the Government cites no case by the 7th Circuit in which it departs from the 9th Circuit's holding." (Filing No. 12 at 4.)

7

eventually embrace the Ninth Circuit's approach to this question. But until it has the occasion to consider the question, this Court will embrace the majority rule, which it believes is the best interpretation of the Rule G(2) and the relevant statutes.

Given this interpretation of the rule, to survive Merritt's Motion to Dismiss, the Complaint must allege facts that support a reasonable belief that there was a substantial connection between the Currency and a criminal offense. The Court finds the Complaint in this case does allege facts that support a reasonable belief the Currency was substantially connected to the unlawful sale of narcotics.

The Complaint alleges that in the room where the Currency was found, officers found rolling papers and two syringes. ([Filing No. 1 at 3](#).) In the basement of the home where the Currency was found, officers found a scale and a kilogram-sized plastic bag with marijuana residue inside it. The Complaint alleges that a certified narcotics detection canine gave a positive alert for the odor of a controlled substance on the Currency. *Id.* In addition, the Complaint alleges Merritt did not have a believable explanation for why he was holding the currency—he said it belonged to his girlfriend and she obtained it from the sale of a home, but he would not identify his girlfriend by name and did not say why he was holding the cash under his bed. *Id.* The Seventh Circuit has recognized both a positive alert from a narcotic detection canine and a suspicious explanation about the source of funds as probative evidence of a connection between currency and drug trafficking. *U.S. v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 467 (7th Cir. 2005). The presence of drug paraphernalia, including a scale, in the home, only increases the likelihood of a connection between the Currency and drug trafficking.

The Government's Complaint alleges facts that, if true, support a reasonable inference that the Currency has a substantial connection to drug trafficking. Thus, the Complaint satisfies the pleading requirements set forth in Rule G. Merritt's Motion to Dismiss is **denied**.

## IV. CONCLUSION

For these reasons, the Court **DENIES** Merritt's Motion to Dismiss ([Filing No. 10](#)).

**SO ORDERED.**

Date: 8/21/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Eric Parker Babbs
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
eric.babbs@usdoj.gov

Scott Allen DeVries
DEVRIES LAW OFFICE
sdevries@devries-law.com

Stephen G. Gray
ATTORNEY AT LAW
misstuffy@aol.com